## CRUMP v. SCHNEIDER et al.

## SCHNEIDER et al. v. CRUMP et al.

(Circuit Court of Appeals, Fifth Circuit. November 28, 1917.)

### No. 3016.

**1. VENDOR AND PURCHASER ☞189—CONTRACTS—ESTOPPEL.**

A contract, entered into contemporaneously with the execution of a deed and vendors' lien notes for the purchase price, required the purchaser to diligently prosecute a suit to quiet title to the land, the abstract showing that others beside the vendors were interested in the premises. The purchaser did not diligently prosecute the suit, and made no effort to determine whether one intervening and claiming a portion of the premises had title, and, title to one half of the premises being declared to be in such intervener, the purchaser secured judgment, decreeing the other half to him. *Held*, that as the purchaser thereafter executed oil leases on the land and sold timber, he is estopped to question a recovery on the vendors' notes on the theory that he bought the entire tract of land, and that the court could not make a contract for the parties.

**2. VENDOR AND PURCHASER ☞35—CONTRACT—FRAUD.**

Where married men contracted to sell land, title to which was held by their wives, although the evidence indicated they were not the owners, the purchaser, not having been injured, and a deed from the wives having been tendered, cannot defeat the contract on the ground that it was induced by fraudulent representations.

**3. VENDOR AND PURCHASER ☞308(4)—ACTIONS—RECOVERY.**

An agreement, entered into at the time of the execution of a deed to land and of vendor's lien notes in payment, provided that the purchaser should institute suit to quiet title against the unknown heirs of persons whom the vendors' abstract indicated had title to part of the land, that the expenses should be borne by the vendors but that should the purchaser fail to recover judgment clearing the title, then the vendors' lien notes should be surrendered, and the land reconveyed. The purchaser did not diligently prosecute suit as agreed, and one intervening was adjudged to have a half interest in the land, the other half interest being adjudged in the purchaser. *Held*, that as the purchaser was estopped by sale of timber thereafter, etc., to repudiate the contract, and as the vendors did not repudiate it, a recovery by the vendors of one-half of the purchase money cannot be complained of by them on the theory that the purchaser might have recovered judgment for the whole of the land; it appearing that the vendors' had title to only one-half.

Appeal and Cross-Appeal from the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Suit by Mrs. Grace Schneider and another against A. G. Crump. From the decree which granted complainants only partial relief, defendant appeals, and complainants cross-appeal. Affirmed.

J. Q. Mahaffey, of Texarkana, Tex., for appellant Crump.

W. L. Estes, John J. King, and William Hodges, all of Texarkana, Tex., for appellees.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

BATTS, Circuit Judge. M. and A. Schneider, acting by M. Schneider, on April 8, 1907, made a contract with A. G. Crump for the sale

to him of the Isaac Lassiter survey in Bowie county, Tex. The consideration for the conveyance was $3,750, evidenced by 30 promissory notes, payable to J. and G. Schneider, all secured by an express lien. Contemporaneously a writing was signed by the parties, reciting the execution of the deed and agreeing, in order to clear the title to the land, that Crump should forthwith institute suit in the district court of Bowie county, Tex., against the unknown heirs of Isaac N. Lassiter and C. McRimmon; that the expenses of the suit should be paid by M. and A. Schneider; that the First National Bank of De Kalb should hold, subject to the termination of the suit, 18 of the notes; that if judgment should be rendered clearing the title, the bank would deliver the 18 notes to M. and A. Schneider, and the conveyance would, in all things, be effective and binding. It was further stipulated:

"Should said suit be prolonged by contest, or should A. G. Crump fail to recover judgment clearing the title, he having duly prosecuted said suit, then the said M. and A. Schneider will return all notes this day executed by said A. G. Crump in payment of said land, and neither of said notes nor the deed this day made by M. and A. Schneider will be of force and effect, and the said bank will deliver said A. G. Crump all of said notes held in escrow, and upon the surrender of all notes this day executed by said A. G. Crump, he will surrender the deed this day made to him as aforesaid, and if necessary reconvey said land to M. and A. Schneider.

"The said A. G. Crump agrees not to sell or remove any timber from said land while said suit is pending, except by subsequent agreement with M. and A. Schneider, or without first obtaining their consent to do so."

The occasion for the execution of the agreement just described was the circumstance that the abstract of title furnished by Schneider to Crump showed a deed in 1855 from Isaac N. Lassiter to C. McRimmon of one-half of the land. Crump instituted in his own name suit for the land against the unknown heirs of Lassiter and McRimmon. Citation was duly published. At the May term, 1908, service was complete. J. E. Garland, who was representing the Schneiders and Crump, who after the institution of the suit had removed to West Texas, returned at that time to try the case. It appears from his testimony that he expected to be able to get judgment, "there being no answer and little evidence being required." Crump indicated to Garland that he did not desire the case tried, and told him that "the panic had hit him pretty hard, and that he didn't care anything about getting title to the land." Crump testified that he wanted to get out of the trade, "mainly because it would cramp me to pay for it." Garland then withdrew from the case on account of the probable antagonism between his clients. The case remained on the docket until June, 1909, without action taken. On June 21, 1909, S. E. Ball filed an intervention, claiming an undivided one-half of the land. To this no answer was filed by Crump, nor was any effort made to contest the claim. The Schneiders were not notified of the intervention. On the day the intervention was filed, and without demanding any legal evidence of title, an agreement was entered into, signed by R. H. Jones, attorney of record for Crump, and F. M. Ball, attorney for intervener, to the effect that plaintiff Crump recover from the intervener Ball title and possession of an undivided one-half of the land; that all costs be adjudged against Crump; that Ball recover an undivided one-

half interest; and that the suit be dismissed as to the other parties.

At that time the notes, to the amount of $2,200, had matured, and the Schneiders were demanding payment. The claim of the intervener was based upon a deed, dated January 22, 1909, purporting to have been executed by one Charles J. McRimmon, who made an affidavit to the effect that he was the sole heir of C. McRimmon. It subsequently developed that Charles J. McRimmon was not the heir of C. McRimmon. Crump had made no effort to ascertain whether Charles J. McRimmon had any right to convey the premises. After the judgment S. E. Ball divided the tract of land into two equal parts, and sold the timber on half of it for more than $500. Thereafter Crump sold the timber on the other half, receiving in cash $2 per acre. Before the judgment Crump had executed oil leases of the land, and had collected 25 cents per acre, and subsequent quarterly payments. The Schneiders had received no notice of the disposition of the suit, of the oil leases, or of the sale of timber. Efforts of the holders of the notes to collect having failed, suit was instituted and judgment had. · A new trial was granted, based upon the allegation that it had been discovered after judgment that the title to the land was not at the time of sale in M. and A. Schneider, but in J. and G. Schneider. Upon another trial judgment was rendered against Crump for one-half of the notes, with foreclosure upon one-half of the land. All parties appealed.

[1] Crump insists that no recovery should have been had against him for any part of the amount represented by the notes, for the reason that he did not buy one-half of the Lassiter survey, but all of it; that the court cannot make a new contract between him and the Schneiders; that the Schneiders were not in position to furnish him with title to that which they had agreed to sell; that fraudulent misrepresentations as to title were made at the time of the contract. Crump instituted suit in accordance with his agreement, but did not prosecute it with diligence; and, without notifying Schneider, and, so far as the record shows, without making any effort to determine whether the intervener had any rights, he permitted a judgment to be rendered against him for one half of the land. He at the same time had adjudged to himself the other half. If this is not sufficient confirmation of the sale as to one half of the property, certainly the exercise later by him of ownership over it by selling the timber constituted a confirmation. The oil lease, the judgment, and the timber sale estop the defense based upon any misrepresentation at the time of the making of the contract as to the title, except as to the deed to J. and G. Schneider.

[2] Crump insists that the transaction between himself and M. Schneider was affected with fraud of the latter, in that at the time he made the contract of sale the title to the property was not in M. Schneider and A. Schneider, but in their wives. While a deed had been made to J. and G. Schneider, the wives, the evidence indicates that the title to the land was not really in them, and if it was in fact in them, the circumstances do not indicate an intention to defraud, As soon as it was ascertained that the record title was in J. and G. Schneider, a deed from them was tendered. Crump at no time suffered any

character of loss, injury, or inconvenience by the mistake of the parties. The court properly refused to sustain this charge of fraud.

[3] The appeal of the Schneiders is based upon the proposition that Crump did not carry out his contract, and that, if he had done so, no part of the land would have been lost; that the transaction was an executed sale, and that the purchaser was not entitled to an abatement of price without showing disseisin. The evidence suggests that Crump, in the handling of the case for the Schneiders, showed little solicitude for the interest of his principals; but the facts developed do not warrant a holding that if he had been diligent and faithful the Schneiders would have recovered the entire tract. Upon the face of the record they had title to only one-half, and no evidence was introduced in the suit instituted by Crump, or in this suit, to warrant a finding that the deed from Lassiter to McRimmon was other than what it purported to be. The Schneiders were not primarily in position to give a deed to all of the land, or the transaction would have been closed up at the time. They are not now in position to pass merchantable title to more than one-half of the property.

It is not necessary to determine whether the contract was executed or executory. The parties contemplated possibility of failure of title in part, and, instead of leaving the matter to be adjusted by the ordinary rules of law, made stipulations with reference thereto. Crump has either never been placed in possession, or has been dispossessed. It is quite possible that if he had, in good faith, undertaken to secure judgment for the land, he would have been successful; but, if so, the judgment would have been for all the land, while he had title to one-half only. The Schneiders have not undertaken to repudiate the contract on account of the delinquencies of Crump. The judgment gives them the purchase price of all the land they owned. It is felt that the nearest practicable approach to equity has been accomplished.

The judgment is affirmed, the costs of the appeals being divided.